2. The contract being joint, the dismissal of the complaint followed as a necessary consequence. The objection of a want of parties could not be taken by demurrer, for the defect of parties did not appear on the face of the complaint, nor was it necessary by answer to do more than meet the case stated in the complaint. Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, February 15th, 1883. *Bobo & Carlisle*, for appellant. *J. S. R. Thomson*, contra.

No. 1350. **Kibler** *v.* **Luther.** November Term, 1882. Plaintiff conveyed a strip of land for valuable consideration to a municipal corporation, with a warranty in words following, to wit: "and I hereby bind myself, &c., to warrant and forever defend all and singular the said premises unto the said intendant and wardens, and their successors in office, as public lands, not to be occupied by any building or obstruction of any kind, but to be kept open at all times for the use of the public," &c. Plaintiff brought this action alleging that defendant had built upon and now occupied a portion of said land, and demanded its possession and damages. A demurrer that the complaint did not state facts sufficient to constitute a cause of action, and that there was a defect of parties defendant, the town council of the corporation, was sustained by the Circuit Court (Pressley, J.) Plaintiff appealed. *Held*—

1. That the concluding words of the warranty imposed a duty upon the town, but it was doubtful whether they created a condition, but, if a condition, the grantor could not maintain an action for the land until he had made entry upon it after condition broken, or made claim, if entry was impossible. *Hammond* v. *Railroad Company*, 15 S. C. 34.

2. The town council was a necessary party. Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, March 6th, 1883. *Moorman & Simkins*, for appellant. *Geo. Johnstone*, contra.

No. 1351. **McGrath & Byrum** *v.* **Barnes.** November Term, 1882. Action on note stated in the complaint and admitted in the answer. The defense was, that the note was a mere memorandum given under a certain agreement, and testi-

mony was introduced to prove this agreement. This was held error on a previous appeal in this case, reported 13 *S. C.* 328. At the second trial, without any amendment of the pleadings, defendant offered to prove that the account for which the note was given contained overcharges, and that there was nothing due thereon when this note was given. The presiding judge (Aldrich) ruled that this testimony was incompetent. *Held*, that this ruling was correct, the testimony offered not being pertinent to any issue raised in the pleadings. Opinion by Mr. Chief Justice Simpson, March 6th, 1883. *Moore* and *Murray & Murray*, for appellant. *Harrison & Broyles*, contra. Mr. Justice McGowan, having been of counsel, did not sit.

No. 1352. **Foster** *v.* **Fowler.** November Term, 1882.

1. A finding of fact by referee and Circuit judge approved.

2. If a wife, prior to 1868, waived her equity in favor of her husband, the proceeds of the sale of her inheritance paid to him would be a good payment, and such waiver established by the circumstances in this case. Judgment of the Circuit Court (Pressley, J.,) affirmed. Opinion by Mr. Justice McGowan, March 6th, 1883. *J. W. Ferguson*, for appellant. *Holmes & Simpson*, contra.

No. 1355. **Jowers** *v.* **Stansell.** November Term, 1882. Order of Judge Hudson refusing a motion for non-suit in action for tresspass upon land, not disturbed, there being evidence of possession, both actual and constructive, by plaintiff, and of defendant's trespass, and the verdict being for plaintiff. Opinion by Mr. Chief Justice Simpson, March 8th, 1883. *H. M. Thompson*, for appellant. *Robert Aldrich*, contra.